AARON D. FORD
  Attorney General
LAURA M. GINN, Bar No. 8085
  Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1120
E-mail:  lginn@ag.nv.gov

*Attorneys for Defendant*
*Jennifer Nash, Ronald Oliver,*
*and Anthony Herrera*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DONALD E. MITCHELL, JR., | Case No.2:19-cv-00190-GMN-DJA |
| Plaintiff, | |
| v. | **MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS ECF NO. 42** |
| J. BORROWMAN, *et al.*, | |
| Defendants. | |

Defendants, Jennifer Nash, Ronald Oliver, and Anthony Herrera, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Laura M. Ginn, Deputy Attorney General, move for an extension of time to respond to Plaintiff's Motion for Rule 11 Sanctions (ECF No. 42).

### MEMORANDUM OF POINTS AND AUTHORITIES

Courts have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg, Inc.*, 627 F.3d 402, 404 (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate [] conduct. *Id.* (*See also Mazzeo v. Gibbons*, No. 2:08–cv01387–RLH–PAL, 2010 WL 3910072, at *2 (D.Nev.2010)).

LR IA 6-1 discusses requests for continuances.

///

The rule states:

> (a) A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. (Examples: "This is the first stipulation for extension of time to file motions." "This is the third motion to extend time to take discovery.")

This is the first request and is requested for good cause. Former Senior Deputy Attorney General (SDAG) Brady was responsible for this case and recently left the Office of the Attorney General on September 17, 2021. As a result of former SDAG Brady leaving, this case is being reassigned to Deputy Attorney General (DAG) Alexander Smith.

In Plaintiff's Motion for Sanctions, he makes ad hominem, offensive, and personal attacks on counsel for the defense. Defendants shall respond and are considering moving for sanctions due to Plaintiff's filings, especially in light of Plaintiff's previous filings. Counsel is currently in the process of drafting a response, which will state that *after* Defendants answered the amended complaint, Williams returned a request for representation, and this was flagged on the Office's ProLaw database upon review of Mitchell's motion for sanctions. Thus, the Office is in a position to enter a joinder to the answer on behalf of Brian Williams, which it shall do shortly. John Borrowman still has not returned his request for representation, thus NRS 41.0339(1)(a) prohibits the Office from answering on Borrowman's behalf. Attorney Smith is attempting to contact Borrowman by telephone and again via email and shall inform the court shortly as to the results of this endeavor.

As to Mitchell's motion for sanctions directed at Attorney Smith, both him and Defendants oppose such a request and contend that this is yet another opportunity for Mitchell to abuse his opponents, which Defendants will address in their response to the motion for sanctions. First, the facts mentioned above in no way suggest any violation of Rule 11(b). Second, Mitchell has failed to comply with the provisions of Rule 11(c)(2), which automatically moots his motion.

///

Counsel submits that the recent change of attorney responsible for this case constitutes good cause for granting an extension of time to file a response to Plaintiff's motion. Also, Defendants need further time to look back through Mitchell's litigation history to identify any other possible unacceptable and inappropriate conduct of his and, if appropriate, move for sanctions or, at the very least, a warning from the court to cease using abusive and insulting language in his filings. Therefore, Defendants request additional time to respond to Plaintiff's motion, which will be due on **October 7, 2021**.

DATED this 23rd day of September, 2021.

Respectfully submitted,

AARON D. FORD
Attorney General

By: /s/ *Laura M. Ginn*
LAURA M. GINN (Bar No. 8085)
Deputy Attorney General
*Attorneys for Defendants*

Good cause appearing therein,
IT IS SO ORDERED.

DATED: September 24, 2021

_____
Daniel J. Albregts
United States Magistrate Judge

# CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on September 23, 2021, I electronically filed the foregoing **MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS ECF NO. 42,** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

Donald Mitchell, #94796
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada  89070
*Plaintiff, Pro Se*

/s/ Sheri Regalado
Sheri Regalado, an employee of the
Office of the Nevada Attorney General